IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01109-WJM-MEH

MARK FORD,

    Plaintiff,

v.

PRESTIGE FINANCIAL SERVICES, INC., and
LARRY H. MILLER GROUP OF AUTOMOTIVE COMPANIES,

    Defendant.

---

## PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    The parties, through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.    "CONFIDENTIAL INFORMATION" shall include: (a) All confidential and proprietary information relating to Defendants' business, including confidential information concerning Defendants' current or former employees when designated as "confidential" as provided herein; (b) Documents and information produced by Plaintiff concerning Plaintiff's individual medical, personal

identification, financial and/or tax records when designated as "Confidential" as provided herein; and (c) documents obtained by Defendants through releases produced by Plaintiff concerning Plaintiff's medical, personal identification, financial and/or tax records. However, nothing in this Protective Order is to be interpreted as consent by the Plaintiff to obtain, execute and/or produce any such releases.

4. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed, without the prior consent of the party producing it or further Order of the Court, to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties. With respect to Defendants, the disclosure is limited to officers, directors and employees who are reasonably necessary and appropriate in good faith to the prosecution, defense or settlement of this lawsuit;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents and witnesses; and

(h) dispute resolution providers, including arbitrators, mediators and any other individuals employed (or whose employer has been engaged) for the purpose of alternative dispute resolution relating to the matters at issue in this lawsuit; and

(i) other persons by written agreement of the parties.

6. The parties shall act in good faith and on a reasonable basis when designating materials as containing CONFIDENTIAL INFORMATION. Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In addition, any medical records and any financial or tax records for Plaintiff that Defendants obtains as a result of a release or authorization form signed by Plaintiff, if any, shall be deemed "CONFIDENTIAL INFORMATION," whether or not Plaintiff or any other person has stamped the word "CONFIDENTIAL" on those records.

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information is to be designated as "CONFIDENTIAL INFORMATION" as set forth in Paragraph 6 above."

8. The parties may designate documents previously produced in the litigation to date as CONFIDENTIAL INFORMATION by providing written notice to the other party of the designation and identifying the documents by Bates number.

9. The Party receiving CONFIDENTIAL INFORMATION ("RECIPIENT PARTY") must provide a copy of this Order to any individual to whom they disclose CONFIDENTIAL INFORMATION and each such individual will be bound by this Order. No party or employee of

a party, nor any witness, potential witness or expert will be permitted to review CONFIDENTIAL INFORMATION until that person has signed a non-disclosure agreement in the form attached hereto as Exhibit A, certifying that he or she has received a copy of this Order and agrees to be bound by its terms, or agrees to be bound on the record of a deposition during which the CONFIDENTIAL INFORMATION is first presented to that deponent. Individuals authorized to review CONFIDENTIAL INFORMATION shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order.

10. Whenever a deposition or any document produced or disclosed for the first time in a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof and any such document shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but a party may ALSO designate portions of depositions or any document produced or disclosed for the first time in a deposition as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Any individuals not authorized under the terms of this order to receive CONFIDENTIAL INFORMATION will be excluded from the room in which the deposition is conducted while CONFIDENTIAL INFORMATION is being discussed.

11. A party may object to the designation of information designated as CONFIDENTIAL INFORMATION by giving written notice to the producing party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.     In the event it is necessary for the Parties to file CONFIDENTIAL INFORMATION with the Court in connection with any proceeding or motion, the CONFIDENTIAL INFORMATION shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

13.     The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

14.     The parties agree to either return all CONFIDENTIAL INFORMATION to the producing party or certify that the CONFIDENTIAL INFORMATION has been destroyed within 30 (thirty) days of the conclusion of this litigation and all related appeals. Counsel agrees to certify that by that same date all copies and electronic documents containing CONFIDENTIAL INFORMATION in their possession have been destroyed.

15.     The parties agree to either return all CONFIDENTIAL INFORMATION to the producing party or certify that the CONFIDENTIAL INFORMATION has been destroyed within 30 (thirty) days of the conclusion of this litigation and all related appeals. Counsel agrees to certify that by that same date all copies and electronic documents containing CONFIDENTIAL INFORMATION in

their possession have been destroyed.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 31st day of August, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge